**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| **RUTH NICHOLSON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09-6083-CV-SJ-GAF** |
| | ) | |
| **PRIME TANNING CORP., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER DENYING MOTION TO REMAND**</u>

Presently before the Court are Plaintiffs Ruth Nicholson, Robert Hall, Judy Hall, and James Murphy's (collectively "Plaintiffs") Motion to Remand filed pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1447(c). (Doc. #7). Plaintiffs argue removal in this case is improper because an exception to the Class Action Fairness Act of 2005 ("CAFA") applies. (Doc. #9). For the reasons set forth below, Plaintiffs' Motion is DENIED.[1]

---

[1]Also pending are Defendant National Beef Leathers, LLC's ("NBL") and Defendant Prime Tanning Co., Inc's. ("Prime Holding") Motions to Strike Plaintiffs' Local Controversy Exception Argument. (Doc. ##17-18). Because Plaintiffs' failed to raise this argument in their opening brief and Defendants therefore did not have an opportunity to respond, Defendants' Motions are GRANTED and such argument is stricken. *See Bearden v. Lemon*, 475 F.3d 926, 930 (8th Cir. 2007) ("[I]t is well settled that [courts] do not consider arguments raised for the first time in a reply brief.").

1

## DISCUSSION

I.    **Background**[2]

On May 15, 2009, Plaintiffs, individually and as class representatives, filed their Amended Petition in the Circuit Court of DeKalb County, Missouri, against Defendants Prime Tanning Corp. ("Missouri Prime"); Prime Holding; NBL; and Rick Ream (collectively "Defendants"). Plaintiffs asserted Defendants' alleged land application of "sludge" containing cancer-causing CR(VI) compounds resulted in damages to Plaintiffs and other class members. *Id*. Thereafter, Prime Holding timely removed the action on July 22, 2009. (Doc. #1).

Missouri Prime, a Missouri resident, is a wholly-owned subsidiary of Prime Holding, a Maine corporation with its principal place of business in Maine.[3] Throughout the Amended Petition, Plaintiffs refer to Missouri Prime and Prime Holding as one, and does not distinguish the liability sought from Prime Holding as vicarious. In fact, the terms "vicarious liability," "indemnification," or "contribution" do not appear in the Amended Petition. Furthermore, Plaintiffs assert their claims against all Defendants.

II.   **Standard**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action from a state court to federal court if the federal court has original jurisdiction over the action. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal and opposing remand bears the

---

[2]All facts are taken from Plaintiffs' First Amended Class Action Petition ("Amended Petition") unless otherwise noted.

[3]Defendants concede that Missouri Prime, NBL, Mr. Ream, and at least two-thirds of all plaintiffs are Missouri citizens.

2

burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The enactment of CAFA did not alter this proposition; "the party attempting to remove [a CAFA action] bears the burden of establishing subject matter jurisdiction." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Once jurisdiction has been established in a CAFA removal case, courts have held the burden shifts to the party seeking remand to demonstrate one of CAFA's exceptions apply. *Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d 1103, 1107 (D. Minn. 2009) (collecting cases). *See also Sundy v. Renewable Envtl. Solutions, L.L.C.*, No. 07-5069-CV-SW-ODS, 2007 WL 2994348, at *1 (W.D. Mo. Oct. 10, 2007).

## III.   Analysis

The parties agree the basic elements of CAFA jurisdiction[4] are present in this case. However, Plaintiffs argue the home state controversy exception to CAFA jurisdiction is applicable and therefore remand is required. To demonstrate that the home state controversy exception applies, Plaintiffs must show (1) more than two-thirds of all plaintiffs are citizens of the state where the action is filed; and (2) all primary defendants are citizens of the state where the action is filed. 28 U.S.C. § 1332(d)(4)(B). "[A] 'primary defendant' has been understood to mean a defendant who (1) has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the asserted claims; or (5) is the only defendant named in one particular cause of action." *Moua*, 613 F. Supp. 2d at 1108. The Court need only look at the complaint to make a

---

[4]Those basic elements are (1) the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs; (2) the putative class has more than 100 members; and (3) minimal diversity, *i.e.* at least one member of the class of plaintiffs is a citizen of a different state than any defendant. 28 U.S.C. § 1332(d)(2).

3

pre-trial determination of which Defendants are sued directly. *Kitson v. Bank of Edwardsville*, No. 06-528-GPM, 2006 WL 3392752, at *17 (S.D. Ill Nov. 22, 2006).

While Plaintiffs now argue Prime Holding, a citizen of Maine, is not a primary defendant because they purportedly seek only to impose vicarious liability on it, Plaintiffs' Amended Petition evidences their intention to hold Prime Holding directly liable for their damages. Nowhere in Plaintiffs' Amended Petition do they allege their claims against Prime Holding are based on theories of vicarious liability, indemnification, or contribution. In fact, Plaintiffs charge all Defendants, including Prime Holding, with the conduct they allege caused damages to them and other class members. Plaintiffs plainly and repeatedly assert alleged facts and legal conclusions based on theories of direct liability against all Defendants.[5] Courts have routinely held that when a complaint fails to distinguish among defendants as to theories of liability, all are considered primary defendants. *See e.g.*, *Moua*, 613 F. Supp. 2d at 1108-09; *Myers v. Jani-King of Philadelphia, Inc.*, No. 09-1738, 2009 WL 2394362, at *3-4 (E.D. Pa. Aug. 4, 2009).[6] Accordingly, the home state controversy exception is not applicable in this case and remand would be improper.

---

[5]Plaintiffs contemporaneously filed a Motion for Leave to File a Second Amended Class Action Petition with their Reply Brief to cure any defects resulting in federal jurisdiction of this matter. However, as Plaintiffs admitted, "[t]he allegations of the complaint as set forth at the time the petition for removal was filed are controlling," *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969), and therefore the Court will not consider such amendment when ruling on the instant Motion.

[6]Plaintiffs ask the Court to use a "rational basis" test in determining whether Prime Holding is a primary defendant. The cases Plaintiffs cite in support of this purposed "rational basis" test further confirm that where a complaint does not distinguish between theories of liability on its face, all defendants are considered primary defendants. *See Adams v. Fed. Materials Co.*, No. 5:05CV-90-R, 2005 WL 1862378, at *5 (W.D. Ky. July 28, 2005); *Brook v. UnitedHealth Group Inc.*, No. 06 CV 12954(GBD), 2007 WL 2827808, at *6 (S.D.N.Y. Sept. 27, 2007).

4

## CONCLUSION

All threshold requirements for CAFA removal are satisfied and the home state controversy exception is not applicable. For these reasons, removal was proper. Plaintiffs' Motion for Remand is therefore DENIED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED:   September 3, 2009

5